IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LON WAYNE JONES, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-329 (MTT) |
| MICHAEL J. ASTRUE, | : | SOCIAL SECURITY APPEAL |
| Defendant. | : | |
| _____ | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Lon Wayne Jones' claim for of disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Because substantial evidence supports the ALJ's finding that Plaintiff was not disabled, **IT IS RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

At the time of the administrative hearing before the ALJ, Plaintiff was 49 years old and suffered from cervical degenerative disc disease status post anterior cervical discectomy and fusion; pilonidal cyst status post excision of cyst, coccyx, and sacral bone; gastroesophageal reflux disease; and, a history bladder cancer that has been resolved without reoccurrence. Prior to his alleged onset date of November 23, 2005, Plaintiff worked as a delivery truck driver for UPS. AR 33-34, Hearing Transcript (Doc. 9-2).

On May 26, 2009, Plaintiff applied for a period of disability and disability insurance benefits. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing before the ALJ, a written decision finding Plaintiff not disabled was issued. The Appeals

Council declined to review the decision. Thereafter, on August 22, 2011, Plaintiff filed this appeal. Doc. 1.

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought under the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, nor substitute their judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record (AR) to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d

355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no…presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. Id.

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of a least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment that prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or medically equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or medically equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, using the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of his past work despite the impairments. Finally, and only when it has been

determined that the claimant is unable to perform his or her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## DISCUSSION

The Commissioner's decision must be affirmed because the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence. Plaintiff contends that he is not capable of performing certain functions listed in the ALJ's assessment of Plaintiff's RFC. As discussed below, the ALJ used the proper legal standards when determining Plaintiff's RFC and the ALJ's findings are supported by substantial evidence.

### The ALJ's Findings

At step one of the sequential evaluation process, the ALJ concluded that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 23, 2005 through his date last insured of September 30, 2008. AR 19 (Doc. 9-2). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of cervical degenerative disc disease status post anterior cervical discectomy and fusion, as well as pilonidal cyst post excision of cyst, coccyx and sacral bone. Id. The ALJ also found that Plaintiff suffered from the non-severe impairments of gastroesophageal reflux disease and a history of bladder cancer that has been resolved without reoccurrence. Id. At step three, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). AR 20 (Doc. 9-2). Consequently, but before moving to step four, the ALJ proceeded to consider Plaintiff's RFC.

The ALJ found that Plaintiff had the RFC to perform a reduced range of light work. Plaintiff would need to work in a job where he had the ability to stand or walk for a total of six hours and the ability to sit for a total of six hours of an eight hour workday. Plaintiff would also need to be able to alternate between sitting and standing at will. Additionally, Plaintiff should not climb ropes, ladders, or scaffolds, and Plaintiff should no more than occasionally balance, stoop, kneel, crouch, crawl, climb stair/ramps, or reach overhead. Further, the ALJ found that Plaintiff had the ability to lift and carry twenty (20) pounds occasionally and ten (10) pounds frequently. AR 20 (Doc. 9-2).

At step four, the ALJ found that Plaintiff was not able to perform any past relevant work. AR 24 (Doc. 9-2). At step five, however, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on his age, education, work experience, and RFC. AR 24 (Doc. 9-2).

### The ALJ's Analysis of Plaintiff's RFC

Plaintiff contends that the medical evidence does not support the ALJ's findings that Plaintiff was not disabled prior to his date last insured. Specifically, Plaintiff argues that he cannot perform certain functions listed by the ALJ in the RFC assessment. The ALJ, however, properly evaluated Plaintiff's RFC, and the ALJ's findings are supported by substantial evidence.

Pursuant to SSR 96-8p, RFC assessments "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations)" as well as an explanation of "how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. Where symptoms such as pain have been alleged, the narrative must also include: (1) a thorough discussion and analysis of the objective

medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate; (2) a resolution of any inconsistencies in the evidence as a whole; and, (3) the logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. Id.

The ALJ began her analysis of Plaintiff's RFC by outlining the relevant legal standards and then went on to provide a detailed account of Plaintiff's testimonial allegations of pain and other symptoms. AR 20-21 (Doc. 9-2). To establish disability on based on pain and other symptoms, a claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence conforming the severity of the alleged pain, or (b) that the objectively determinable medical condition can reasonably be expected to give rise to the claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). When there is evidence that an impairment could reasonably be expected to produce the symptoms alleged by the claimant, the ALJ considers objective medical evidence and information from the claimant and treating or examining physicians, as well as factors such as evidence of daily activities, medications taken, and any other aggravating factors. 20 C.F.R. § 404.1529.

In this case, the ALJ properly evaluated Plaintiff's testimony regarding both his allegations of pain and his daily activities. Plaintiff's testimonial allegations consisted of, among other things, complaints of pain in his neck and lower back; problems bending; the inability to stand or sit for very long; the inability to sleep in a bed; the inability to lift more ten (10) pounds repeatedly; and that he had not received relief from pain medications. AR 21 (Doc. 9-2); AR 37-52, HT (Doc. 9-2). Regarding his daily activities, Plaintiff indicated that he prepares his own meals, drives, does the laundry, attends family functions, and goes grocery shopping once a week. AR 52-58, HT (Doc. 9-2); AR 167-70 (Doc. 9-6). The ALJ considered Plaintiff's

complaints and determined that although Plaintiff had medical conditions that could cause pain and other symptoms, Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms was not credible to the extent that it was inconsistent with the RFC assessment. AR 24 (Doc. 9-2). The ALJ based her findings on the medical evidence and Plaintiff's testimony regarding his activities of daily living. See id.

The objective medical evidence supports the ALJ's finding that Plaintiff had the RFC to perform a reduced range of light work with the listed exceptions. The ALJ detailed the medical evidence upon which she relied in her written decision. AR 21-25 (Doc. 9-2). The medical evidence indicates that Plaintiff underwent surgery on his cervical spine in 1994. AR 22, 247 (Docs. 9-2, 9-7). In 2005, Plaintiff underwent surgery to remove a mass in his urinary bladder. AR 22, 296, 298-301, 315-316 (Docs. 9-2, 9-8). Later in 2005, Plaintiff underwent two more surgeries consisting of the incision and drainage of a cyst. AR 22, 186-90 (Docs. 9-2, 9-7). Plaintiff then had an excision and closure of the cyst in January 2006. Id. In June 2006, Plaintiff experienced difficulties with the healing of the wound, including infection, and was forced to have his coccyx and sacral bone removed. AR 22, 183-85, 202-206, 229-31 (Docs. 9-2, 9-7). The treatment reports of Dr. Perofsky in August 2006, Dr. Stephen in August 2006, and Dr. Vicchio in November 2006, indicate that Plaintiff's incision site had healed without further infection or complication. AR 22, 197, 214, 282 (Docs. 9-2, 9-7, 9-8).

The ALJ also reviewed medical records detailing Plaintiff's complaints of neck and shoulder pain. In January 2007, x-rays revealed that Plaintiff suffered from degenerative disc disease and spondylosis at C6-7, osteoarthritic involvement of the lower uncovertebral joints, and mild narrowing of the cervical spinal canal. TR 23, 242 (Docs. 9-2, 9-7). Plaintiff was treated with analgesic drug therapy, advised to use a heating pad, and instructed to follow up

with his primary care physician. AR 23, 241 (Docs. 9-2, 9-7). Plaintiff was later referred to Dr. Hattaway and diagnosed with cervical spondylosis with strain and sprain of the cervical spine. AR 23, 259, 273 (Docs. 9-2, 9-7). Dr. Hattaway recommended physical therapy and conventional drug therapy. AR 23, 259 (Docs. 9-2, 9-7). In June 2009, Plaintiff was diagnosed with chronic low back pain and a history of bladder cancer and tobacco abuse. AR 23, 278 Docs. 9-2, 9-7). Plaintiff's doctor recommended conventional drug therapy. Id.

The ALJ also noted that the record does not contain any opinions from treating or examining physicians indicating that Plaintiff was disabled prior to September 30, 2008, the date Plaintiff was last insured. AR 24 (Doc. 9-2).[1]

In view of the evidence described above, the ALJ did not err by finding Plaintiff's testimony regarding his pain and other symptoms to be partially credible. The ALJ found that the quantitative and qualitative profile of Plaintiff's medical treatment record up to the date last insured had been significantly less than what one would reasonably expect in the case of a person with debilitating symptoms. Id. The ALJ therefore found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they were not consistent with the RFC assessment. Id. Moreover, the objective medical evidence is consistent with the ability to perform light work with the exceptions described in Plaintiff's RFC. As such, the ALJ's findings are supported by substantial evidence.

---

[1] Plaintiff refers in his brief to a report by Dr. Stefanis finding Plaintiff 15% disabled. Docs. 10, 12. Plainitff also alleges that Dr. Stefanis could be found on page 142 of the AR. Doc. 12. Although Dr. Stefanis' name appears on page 142, there is neither a medical report nor any indication of a disability determination. Further, Plaintiff's amended complaint contains medical records from Dr. Stefanis dated 1994. Those records do not contain an opinion as to disability. Moreover, an opinion that Plaintiff was 15% disabled in 1994 would not change the substantial evidence supporting the ALJ's finding that Plaintiff was not disabled during the alleged period of disability.

Additionally, Plaintiff argues that the case should be remanded based on a letter from Dr. Taunton dated October 19, 2011. Doc. 10. The letter does not create cause for remand. The letter refers to Plaintiff's diagnoses described above as well as the opinion that Plaintiff "is not able to maintain a job that requires any static positioning for any length of time. He would have to be in a position where he could continuously change positions." Doc. 10. Plaintiff's RFC is consistent with Dr. Taunton's opinion because the ALJ found that Plaintiff needed to be able to alternate positions between sitting and standing at will. Moreover, the letter does not refer to any time period prior to Plaintiff' last insured date of September 30, 2008. As such, the letter does not provide any new evidence that would warrant remand.

## CONCLUSION

After careful consideration of the entire record in this case, it appears that the ALJ properly evaluated Plaintiff's RFC and that the ALJ's findings are supported by substantial evidence. Accordingly, **IT IS RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN(14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of April, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge