IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LON WAYNE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-329 (MTT) ) |
| MICHAEL ASTRUE,<br>Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

This matter is before the Court on the Recommendation (Doc. 16) of United States Magistrate Judge Charles H. Weigle on the Plaintiff's Complaint (Doc. 1) seeking review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's denial of the Plaintiff's claim for Social Security disability insurance benefits. The Magistrate Judge, having reviewed the case pursuant to 28 U.S.C. § 636 and 42 U.S.C. § 405(g), recommends affirming the decision of the Commissioner because the Commissioner's denial of benefits was supported by substantial evidence. The Claimant has objected twice to the Recommendation.[1] (Docs. 17 and 19). The Commissioner has responded to the Plaintiff's first objection. (Doc. 18). The Court has thoroughly considered the Plaintiff's Objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff alleges that (1) the record was incomplete at the time the ALJ determined that he was not disabled and (2) the ALJ improperly determined the

---

[1] Generally, the parties are permitted to file one Objection to a Magistrate Judge's Recommendation. However, because the Plaintiff objects to similar issues in both Objections, the Court will consider both Objections as properly filed.

Plaintiff's credibility with regard to his testimony.  (Docs. 17 and 19).  With regard to the Plaintiff's allegation that the ALJ made the decision on an incomplete record, the omitted records the Plaintiff alleges are missing from the ALJ's record are dated from 1994-1996.  These records would have no bearing on the ALJ's finding that the medical records from 2006-2008 do not support the Plaintiff's subjective complaints.   Therefore, the omitted medical records do not warrant a remand.  Further, the ALJ's finding that the Plaintiff's testimony regarding the level of his symptoms was not credible to the extent that it was inconsistent with the Residual Function Capacity (RFC) assessment is supported by substantial evidence.  Specifically, the ALJ based her finding on medical evidence and the Plaintiff's testimony regarding his activities of daily living.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  Because there is substantial evidence in the record to support the determination that the Claimant is not disabled, the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this the 20th day of July, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT